```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```
_____

| | |
|---|---|
| **DOROTHY N. BROOKS,** | ) |
| | ) |
|     **Plaintiff/** | ) |
|     **Counter-Defendant,** | ) |
| | ) |
| **v.** | )    No. 05-2685 Ml/V |
| | ) |
| **ALLSTATE INSURANCE COMPANY,** | ) |
| | ) |
|     **Defendant/** | ) |
|     **Counter-Plaintiff.** | ) |
| | ) |

_____

**ORDER DENYING MOTION FOR REMAND**
_____

    Before the Court is Plaintiff's Response to Defendant's Notice for Removal of Civil Action & Response to Counter-Complaint, filed October 27, 2005. Defendant responded in opposition on November 29, 2005, and supplemented its response on November 30, 2005. Plaintiff subsequently filed her Motion for Order Remanding Case to State Court on December 1, 2005, and Defendant responded in opposition on December 21, 2005.

    District courts have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the parties are citizens of different states, and such actions are removable from state court by the defendant. 28 U.S.C. §§ 1332(a)(1), 1441. In her amended complaint, filed August 26, 2005, Plaintiff requested relief in the amount of $84,344.00. Defendant, Allstate Insurance Company contends that the parties are completely diverse in this action because Plaintiff is a citizen of Tennessee and Defendant "is a corporation, duly incorporated and authorized to do business in the State of Illinois as its principal place of

business in Northbrook, Illinois."  (Notice for Removal ¶ 5.)

A corporation is a citizen of the state in which it was incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  While a corporation thus may be a citizen of multiple states, "a corporation can have only one <u>principal</u> place of business for purposes of establishing its state of citizenship."  <u>Gafford v. General Electric Company</u>, 977 F.2d 150, 161 (6th Cir. 1993)(emphasis in original).  The Sixth Circuit follows the "total activity test" to determine a corporation's principal place of business for purposes of citizenship.  <u>Id.</u> at 163.  Under the total activity test, "the principal place of business of a far-flung corporation will generally be its nerve center."  <u>Id.</u> at 162 (citing <u>Scot Typewriter Co. V. Underwood Corp.</u>, 170 F. Supp. 862 (S.D.N.Y. 1959)).  The Court finds that under the total activity test, Defendant's principal place of business is in Illinois.  Accordingly, the parties are diverse and the Court has jurisdiction over this matter.[1]

Finally, the Court finds that abstention is not warranted in this situation.  Accordingly, Plaintiff's motion to remand is DENIED.

---

[1] While insurance companies are sometimes deemed citizens of the state of which the insured is a citizen under the direct action provision of 28 U.S.C. § 1332(c)(1), the Court notes that the direct action provision does not apply here.  <u>See</u> <u>Lee-Lipstreu v. Chubb Group of Ins. Cos.</u>, 329 F.3d 898, 899-900 (6th Cir. 2003)(holding that federal courts have jurisdiction over actions by insured against his or her own insurance company if the two are of diverse citizenship because such actions are not direct actions within the meaning of 28 U.S.C. § 1332(c)(1)); <u>Clark v. Chubb Group of Ins. Cos.</u>, 337 F.3d 687, 689-90 (6th Cir. 2003); <u>Hindall v. Winterthur Intern.</u>, 337 F.3d 680, 683 (6th Cir. 2003).

SO ORDERED this 5th day of April, 2006.

                                          /s/ Jon P. McCalla
                                        JON P. McCALLA
                                        UNITED STATES DISTRICT JUDGE